IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01847-WYD-BNB

URAIWAN SAWATDI,

    Plaintiff,

v.

VICORP RESTAURANTS, INC., a Colorado Corporation;

    Defendant.

---

STIPULATED PROTECTIVE ORDER

---

Pursuant to agreement between the parties and upon a showing of good cause in support of the entry of this Stipulated Protective Order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case:

**IT IS ORDERED:**

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery created by the Federal Rules of Civil Procedure, including documents, materials, and information disclosed pursuant to subpoena or upon request of a party by persons or entities who are not the parties in this action.

    2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the

1

meaning of this term.

3. As used in this Protective Order, "Confidential information" shall apply to the following information, whether provided by the parties or persons or entities not a party to this action:

> (a) The parties' and/or their representatives' or employees' personnel records;
>
> (b) The parties' and/or their representatives' medical records;
>
> (c) The parties' and/or their representatives' financial and tax records;
>
> (d) The parties' proprietary, commercial, and/or trade secret information, including without limitation, handbooks, policies, spreadsheets, and other information entitled to protection under Fed. R. Civ. P. **26(c)(1)(G)** ~~26(c)(7)~~; and
>
> (e) Third parties' proprietary, commercial, and/or trade secret information, including without limitation, handbooks, policies, spreadsheets, and other information entitled to protection under Fed. R. Civ. P. **26(c)(1)(G)** ~~26(c)(7)~~.

The parties agree that some confidential records, for example financial, tax and personnel records and certain commercial information, have already been produced, and the parties agree that these records will be treated as Confidential information subject to this protective order. The producing party shall designate such records as CONFIDENTIAL in writing to the non-producing party in

accordance with Paragraph 6 of this Order, within a reasonable time after entry of this Order.

4. CONFIDENTIAL documents, materials, and /or information (collectively "CONFIDENTIAL information") identified in accordance with Paragraph 6 of this Protective Order shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose or litigation whatsoever, and shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the parties, including designated representatives for the defendants;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e) the Court and its employees ("Court Personnel");

    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g) deponents, witnesses, or potential witnesses; and

    (h) other persons by written agreement of the parties.

5. Prior to disclosing CONFIDENTIAL information to any person listed above (other than the parties, including designated representatives for the defendants, counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if opposing counsel demonstrates good cause for review.

6. Documents are designated as CONFIDENTIAL information by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Alternatively, the producing party may otherwise designate documents as CONFIDENTIAL by notifying the non-producing party of the designation, in writing, either prior to or within a reasonable time after production.

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate appropriate portions of depositions as CONFIDENTIAL information after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. The producing party, person or entity will make a CONFIDENTIAL designation

of documents or deposition testimony only as to information the producing party in good faith believes contains CONFIDENTIAL information entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the objection with the producing party cannot be resolved within ten (10) business days after the time the notice is received, it shall be the obligation of the party desiring to designate the information as CONFIDENTIAL information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL information under the terms of this Protective Order until the Court rules on the motion. If the party designating the information as CONFIDENTIAL information fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL information in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL information shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL information.

10. In the event it is necessary for the Parties to file CONFIDENTIAL information with the Court in connection with any proceeding or motion, the

CONFIDENTIAL information shall be filed in accordance with the procedural requirements of D.C.Colo.L.Civ.R. 7.3, and paragraph VI of the District of Colorado Electronic Case Filing Procedures, but shall remain subject to this Protective Order made pursuant to Fed. R. Civ. P. 26(c) and no party shall be entitled to any additional protections or subject to any additional requirements of D.C.Colo.L.Civ.R. 7.2 and/or 7.3 unless a party shall so separately move the Court.

11. Within thirty (30) days after the conclusion of this litigation (including any appeal), unless other arrangements are agreed upon, each document and copies thereof which have been designated as CONFIDENTIAL information shall be destroyed or stored in a manner which will preclude others from obtaining such documents. Moreover, copies of all deposition transcripts referring to the CONFIDENTIAL information and documents shall be destroyed or sealed by counsel and shall be subject to the terms and provisions of this Protective Order. If the party or parties choose to destroy the originals and copies of all such documents, that party must file with the Court and provide to the parties, and the producing person or entity if other than a party, a certificate stating that destruction of the documents has been completed.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated March 21, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

The parties, by their respective attorneys of record, agree and stipulate to the entry of this Protective Order:

Dated:_____          Dated: 3/14/08_____

_____          s/ Daniel M. Combs_____
Diane S. King                          Daniel M. Combs
Jason Cobb                             Kelly K. Robinson
King & Greisen, LLP                    Sherman & Howard L.L.C.
1670 York Street                       633 Seventeenth Street, Suite 3000
Denver, Colorado 80206                 Denver, CO  80202
(303) 298-9878                         (303) 297-2900
(303) 298-9879 (fax)                   (303) 298-0940 (fax)
king@kinggreisen.com                   dcombs@shermanhoward.com
cobb@kinggreisen.com                   krobinson@shermanhoward.com
Attorneys for Plaintiff                Attorneys for Defendant